**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CORRINE MICHEL JOHNSON** | § | |
| **and JOHNATHAN SHANE JOHNSON,** | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:15-CV-001939** |
| | § | |
| **SAFECO INSURANCE COMPANY** | § | |
| **OF INDIANA and** | § | |
| **LISA A. SEUTTER,** | § | |
| **Defendants** | § | |

**NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. §§ 1332 and 1441(b) (DIVERSITY)**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Safeco Insurance Company of Indiana ("Safeco"), hereby petitions this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 for removal, on the basis of diversity jurisdiction, to the United States District Court for the Northern District of Texas, Dallas Division, of the action styled *Corrine Michel Johnson and Johnathan Shane Johnson v. Safeco Insurance Company of Indiana and Lisa a. Seutter*; Cause No. DC-15-02583, currently pending in the 191st Judicial District Court of Dallas County, Texas (the "State Court Case"), and in support thereof would respectfully show this Court as follows:

**I.
FACTS**

1.    Plaintiffs filed suit in the State Court case on March 6, 2015, as the result of alleged delay or denial of benefits under their homeowner's insurance policy.  Plaintiffs alleges that Safeco breached its contract with Plaintiffs, violated provisions of the Texas Insurance Code and breached the common law duty of good faith and fair dealing in the adjustment and handling of Plaintiffs' claim by delaying and denying benefits, following their loss on or about March 23,

2014.  *See Plaintiffs' Original Petition* (the "Petition") at ¶¶ 10-29.  With regard to their personal property, Plaintiffs claim that Safeco has failed to pay them "in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment."  Petition at ¶ 26.  Plaintiffs seek statutory damages under the Texas Insurance Code, attorney's fees for Safeco's alleged wrongful denial, and statutory prompt payment penalties. Safeco denies that Plaintiffs are entitled to these benefits or damages.

2.      Defendant Safeco was served with the Petition and citation on May 5, 2015. Safeco filed its Original Answer on May 26, 2015.  Defendant Lisa A. Seutter has not been served with citation.   A true and correct copy of all pleadings, process, orders, and correspondence served in this action is attached hereto as Exhibit "A" and incorporated herein by reference.

3.      Pursuant to Tex. R. Civ. P. 47, Plaintiffs' petition states that Plaintiffs seek "monetary relief over $200,000 but not more than $1,000,000."  Petition at ¶ 2.

4.      Complete diversity exists between the Plaintiffs and Defendant Safeco now as well as on the date of filing of the State Court Case.  Plaintiffs are citizens and residents of the State of Texas.  Petition ¶ 3. Defendant Safeco is an insurance company incorporated in Illinois with its principal place of business is Massachusetts.   Safeco is a citizen of Illinois and Massachusetts and not the State of Texas.

5.      Defendant Lisa A. Seutter ("Seutter") is a Texas resident and was improperly joined to defeat diversity jurisdiction in this case.  Seutter has not been served with Plaintiffs' Original Petition and citation.

7.      Plaintiffs have not made a jury demand in the State Court Case.

8.     This action is a civil action which may be removed to this Court by Defendant Safeco pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1332(a) in that it is between citizens of different states; it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs; and Safeco is not a citizen of the State of Texas.

**II.**
**DEFENDANT LISA A. SEUTTER IS IMPROPERLY**
**JOINED TO DEFEAT DIVERSITY**

9.     The test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant and there is no reasonable basis for predicting that the plaintiff might be able to recover against an in-state defendant. *Smallwood v. Illinois Central Railroad Co*., 385 F.3d 568 (5th Cir. 2004).   A reasonable basis means more than a mere hypothetical basis.  *See Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999).  If there is no reasonable basis for recovery, then the court can conclude that the plaintiff's decision to join the in-state defendant was improper.  *McDonald v. Abbot Labs,* 408 F.3d 177, 183 (5th Cir. 2005).

9.     Whether a plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery.  *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).  The *Griggs* court required that the petition state specific "facts warranting liability" in order to defeat removal.  *Id*. (emphasis added).  "General, undocumented and non-specific statements" in the plaintiff's petition are insufficient to state claims for violations of the Insurance Code, the DTPA, common law fraud, and misrepresentation under Texas law.  *Id* at 702.  "The Fifth Circuit has bluntly rejected the contention that a merely theoretical possibility of recovery will suffice to preclude removal. . . . [I]t has held that, when plaintiffs make general allegations and fail to support them with specific,

underlying facts, they have not established a reasonable basis for the Court to predict that relief may be granted." *Staples v. Merck & Co.*, *Inc*., 270 F. Supp. 2d 833, 837 (N.D. Tex. 2003) (citing *Great Plains*, 313 F.3d at 329; *Badon v. R.J.R. Nabisco, Inc.*, 224 F.3d 382, 391-92 (5th Cir. 2000)).

10.     In this case, Plaintiffs have not pled any factual allegations regarding Defendant Seutter that could form the basis of an independent cause of action against her as opposed to the carrier.  Plaintiffs have alleged only that Seutter was noncompliant with the Texas Insurance Code by:

(i)     "misrepresenting to Plaintiffs material facts relating to the coverage at issues; …

(ii)     failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim, …

(iii)     failing within a reasonable time to affirm or deny coverage of the full claim to Plaintiffs, … and

(iv)     refusing to pay Plaintiffs' claim without conducting a reasonable investigation…." Petition at ¶¶ 33-38.

Plaintiffs' allegation of fraud against Seutter is nothing more than a restatement of the Insurance Code claims.  Plaintiffs do not identify any false, fraudulent, misleading or deceptive acts by Seutter.  Thus, Plaintiffs have filed suit against Seutter for the same reason that Plaintiff filed suit against Safeco: they are unhappy with the amount Safeco paid to settle their claim.  This is not sufficient to establish a reasonable probability of recovery against Seutter.   *One Way Investments, Inc. v. Century Surety Co.,* 2014 WL 6991277, at *4 (N.D. Tex. 2014) (holding that representations that wind and hail damage was far less extensive than it actually was and that damage was caused by factors that did not trigger coverage under the policy were not statements

that are within the scope of §541.060 because they do not relate to the "coverage at issue.");

*Green v. Nationwide Mut. Ins. Co.,* 2014 WL 6991277 at *5 (W.D. Tex. 2014) (finding improper joinder of adjuster defendant based on allegation that adjuster "failed and refused . . . to pay underinsured motorist benefits under the applicable policy" and that adjuster "wholly failed to make a reasonable and fair offer on [the insured's] claim.")  Texas law does not contemplate that adjusters like Seutter will be held individually liable for the insurance carrier's decision on a claim.  *See Ardila v. State Farm Lloyds*, 2001 WL 34109 378 (S.D. Tex. 2001) (citing *Coffman v. Scott Wetzel Services, Inc.*, 908 S.W.2d 516 (Tex. App.–Fort Worth 1995, no writ) for proposition that adjusters do not have liability under the DTPA for lack of good faith in processing insurance claims).  Defendant Lisa Seutter has been improperly joined for the sole purpose of defeating diversity jurisdiction in this Court.

### III.
### PROCEDURAL REQUIREMENTS

14.     This action is a civil action which may be removed to this Court by Safeco pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1332(a) in that it is between citizens of different states; it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs; and Safeco is not a citizen of the State of Texas.

15.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

16.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the 191st Judicial District Court of Dallas County, Texas, promptly after the filing of this Notice.

17.     Attached hereto and incorporated herein, are the following items:

Exhibit A:     A true and correct copy of all pleadings, process, and orders served in this action.

Exhibit B:     State Court Case docket sheet.

Exhibit C:     List of all counsel of record.

Exhibit D:     Index of all documents filed with the Court.

WHEREFORE, PREMISES CONSIDERED, Defendant Safeco Insurance Company of Indiana requests that this action be removed from the 191st Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

HANNA & PLAUT, L.L.P.
211 East Seventh Street, Suite 600
Austin, Texas  78701
Telephone:     (512) 472-7700
Facsimile:     (512) 472-0205


By: */s/ David L. Plaut*_____
        David L. Plaut
        State Bar No. 16066030
        Email:  dplaut@hannaplaut.com
        J. Todd Key
        State Bar No. 24027104
        Email: tkey@hannaplaut.com

**ATTORNEYS FOR DEFENDANT SAFECO
INSURANCE COMPANY OF INDIANA**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded via facsimile on this the 4th day of June, 2015, to:

*Via Facsimile: 713.650.1602*
Aristotelis Westerlage
Friesell Westerlage, PLLC
The Niels Esperson Building
808 Travis St., 24th Floor
Houston, Texas  77002
*Attorneys for Plaintiff*

<i>/s/ David L. Plaut</i><br>
David L. Plaut

# EXHIBIT "A"

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED _____
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br><br>Aristotelis Westerlage | Email:<br><br>tellywesterlage@gmail.com | Plaintiff(s)/Petitioner(s):<br><br>Corrine Michel Johnson and<br><br>Johnathan Shane Johnson | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| Address:<br><br>808 Travis St, 24ᵗʰ Floor | Telephone:<br><br>713 236 9177 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br><br>Houston, TX 77002 | Fax:<br><br>713 650 6102 | Defendant(s)/Respondent(s):<br><br>Safeco Insurance Company of Indiana<br><br>and Lisa A. Seutter | Custodial Parent:<br><br>_____<br><br>Non-Custodial Parent:<br><br>_____ |
| Signature:<br><br>/s/ Aristotelis Westerlage | State Bar No:<br><br>24088622 | _____<br>[Attach additional page as necessary to list all parties] | Presumed Father:<br><br>_____ |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| | Civil | | | Family Law | |
|---|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** |  | **Post-judgment Actions (non-Title IV-D)** |

| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
|---|---|---|---|---|
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br>_____<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☒ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract:<br>_____ | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional<br>  Liability:<br>_____<br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br>  List Product:<br>_____<br>☐ Other Injury or Damage:<br>_____ | ☐ Eminent Domain/<br>  Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br>_____ | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other |
| | | | | **Title IV-D** |
| | | **Related to Criminal Matters** | **Other Family Law** | ☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |
| | | ☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>  Pre-indictment<br>☐ Other: _____ | ☐ Enforce Foreign<br>  Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>  of Minority<br>☐ Other: _____ | **Parent-Child Relationship**<br>☐ Adoption/Adoption with<br>  Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental<br>  Rights<br>☐ Other Parent-Child:<br>_____ |

| **Employment** | **Other Civil** | |
|---|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment:<br>_____ | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>  Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: _____ |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: _____ |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case)*:

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees<br>
☐ Less than $100,000 and non-monetary relief<br>
☐ Over $100, 000 but not more than $200,000<br>
☒ Over $200,000 but not more than $1,000,000<br>
☐ Over $1,000,000



**CORPORATION SERVICE COMPANY**

**NJP / ALL**
**Transmittal Number: 13763305**
**Date Processed: 05/06/2015**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Arlene Smith<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02117 |

| | |
|---|---|
| **Entity:** | Safeco Insurance Company Of Indiana<br>Entity ID Number  2780991 |
| **Entity Served:** | Safeco Insurance Company of Indiana |
| **Title of Action:** | Corrine Michel Johnson vs. Safeco Insurance Company of Indiana |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Dallas County District Court, Texas |
| **Case/Reference No:** | DC-15-02583 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 05/05/2015 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Aristotelis Westerlage<br>713-236-9177 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

## CITATION

## DC-15-02583-K

CORRINE JOHNSON et al
vs. SAFECO INSURANCE
COMPANY OF INDIANA et al

ISSUED THIS
29th day of April, 2015

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: SPRINGE MCKINLEY, Deputy

Attorney for Plaintiff
ARISTOTELIS WESTERLAGE
THE NIELS ESPERSON BUILDING
808 TRAVIS ST 24TH FLOOR
HOUSTON, TEXAS 77002
713-236-9177

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   SAFECO INSURANCE COMPANY OF INDIANA
      BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
      211 E. 7TH STREET SUITE 620
      AUSTIN, TEXAS 78701-3218

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty   days after you were served this citation and PLAINTIFF'S ORIGINAL
PETITION AND REQUEST FOR DISCLOSURE petition, a default judgment may be taken against
you.  Your answer should be addressed to the
clerk of the 191st District Court at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being CORRINE MICHEL JOHNSON

Filed in said Court 6th day of March, 2015 against

SAFECO INSURANCE COMPANY OF INDIANA AND LISA A. SEUTTER

For Suit, said suit being numbered DC-15-02583-J, the nature of which demand is as follows:
Suit on INSURANCE etc. as shown on said petition FIRST SET OF INTERROGATORIES,
REQUEST FOR PRODCTION, REQUESTS FOR ADMISSIONS,
a copy of which accompanies this citation. If this citation is not served, it shall be returned
unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 29th day of April, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

_____, Deputy
SPRINGE MCKINLEY

# OFFICER'S RETURN

Case No. : DC-15-02583

Court No.191st District Court

Style: CORRINE JOHNSON et al

vs. SAFECO INSURANCE COMPANY OF INDIANA et al

Came to hand on the _____ day of _____ 20_____ at _____ o'clock _____ M. Executed at

within the County of _____ at _____ o'clock _____ M. on the _____ day of _____

20 _____, by delivering to the within named

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, WAS MAILED UNITED STATES CERTIFIED MAIL RETURN RECEIPT

REQUESTED having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:    To

certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $ _____ | |
| For mileage | $ _____ | of _____ County, |
| For Notary | $ _____ | By _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____ , 20_____

to certify which witness my hand and seal of office.

_____ Notary Public _____ County

FILED
DALLAS COUNTY
3/6/2015 1:11:08 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

1-CIT CERT MAIL
1-CIT#/SHRF

DC-15-02583
No. _____

| | | |
|---|---|---|
| CORRINE MICHEL JOHNSON | § | IN THE DISTRICT COURT OF |
| and JOHNATHAN SHANE JOHNSON, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | DALLAS COUNTY, TEXAS |
| | § | |
| SAFECO INSURANCE COMPANY OF | § | |
| INDIANA and | § | |
| LISA A. SEUTTER, | § | |
| *Defendants*. | § | J-191ST  JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Corrine Michel Johnson and Jonathan Shane Johnson ("Plaintiffs"), and file this *Plaintiffs' Original Petition and Request for Disclosure,* complaining of Safeco Insurance Company of Indiana ("Safeco") and Lisa A. Seutter ("Seutter"), hereinafter collectively referred to as "Defendants," and allege as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiffs intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### SPECIFIC STATEMENT OF RELIEF

2. Plaintiffs seek monetary relief of over $200,000 but not more than $1,000,000.00. Plaintiffs reserve the right to amend their original petition during and/or after the discovery process.

## PARTIES

3. Plaintiffs are individuals residing in Dallas County, Texas. The last three digits of Mrs. Johnson's Texas driver's license are 115. The last three digits of Mrs. Johnson's social security number are 262. The last three digits of Mr. Johnson's Texas driver's license are 731. The last three digits of Mr. Johnson's social security number are 623.

4. Defendant Safeco Insurance Company of Indiana is a foreign insurance company engaging in the business of insurance in the State of Texas. This Defendant may be served with process by serving its attorney for service: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

5. Defendant Lisa A. Seutter ("Seutter") is an individual residing in Denton County, Texas. She may be served with process at 1120 Hunters Creek Drive, Carrollton, Texas 75007.

### JURISDICTION AND VENUE

6. This court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of this Court.

7. The court has jurisdiction over Defendant Safeco because this Defendant engages in the business of insurance in the State of Texas and Plaintiffs' causes of action arise out of Defendant Safeco's activities in the State of Texas.

8. The court has jurisdiction over Defendant Seutter because this Defendant engages in the business of insurance in the State of Texas and Plaintiffs' causes of action arise out of Defendant Seutter's activities in the State of Texas.

9. Venue is mandatory and proper in Dallas County, Texas because all or a substantial part of the events or omissions giving rise to the claim occurred in this county TEX. CIV. PRAC. & REM. CODE §15.002(a)(1) and the insured property that is the basis of this lawsuit is located in Dallas County. TEX. CIV. PRAC. & REM. CODE §15.032. Venue is proper and mandatory in Dallas County against both the Defendants in this case because venue is mandatory and/or proper against at least one Defendant, and all claims or actions in this case arise out of the same transaction, occurrence, or series of transactions or occurrences. *See* TEX. CIV. PRAC. & REM. CODE §15.005.

## FACTS

10. Plaintiffs owned a Texas Homeowner's Policy ("the Policy"), which was issued by Defendant Safeco.

11. Plaintiffs owned the insured property ("the Property"), specifically located at 2311 Shady Creek Drive, Richardson, Texas in Dallas County. Defendant Safeco sold the Policy insuring the Property to Plaintiffs. The Policy number issued by Defendant Safeco is OY6615588.

12. On or about March 23, 2014, a washing machine overflow caused extensive damage to Plaintiffs' property, and constituted a covered loss under the Policy issued by Defendant Safeco. More specifically, the washing machine located in the utility room of the insured property overflowed, causing water to flood the interior of the home. As a result, the utility room, study, hallway, kitchen, den, and attached garage sustained substantial water damage to walls, cabinets, and flooring. The damaged personal property items included art work, collectable plates, building materials, books, and videos.

13. Plaintiffs filed a claim with their insurance company, Defendant Safeco, for the damages to the Property. Plaintiffs submitted the claim to Defendant Safeco against the Policy for damage to the Property sustained as a result of the washing machine overflow. Plaintiffs asked that Defendant Safeco cover the cost of repairs and/or replacement of the damaged Property pursuant to the Policy and any other available coverage under the Policy. The claim number issued by Defendant Safeco is 353783765039.

14. Defendant Safeco assigned Defendant Seutter to adjust Plaintiffs' Claim. Defendant Seutter adjusted Plaintiffs' Claim by investigating, processing, evaluating, and approving and/or denying, in whole or in part, Plaintiffs' Claim. Defendant Seutter was the agent for Defendant Safeco and represented Defendant Safeco in regard to Plaintiffs' Claim. As such, Defendant Seutter acted as an insurance adjuster engaged in the business of insurance with respect to Plaintiffs' Claim. Therefore, Defendant Seutter is a "person" who is individually liable for her unfair methods of competition or unfair or deceptive acts or practices under the Texas Insurance Code.

15. Defendants set out to improperly deny full payment of the covered loss. Defendants conducted an inadequate and substandard investigation of Plaintiffs' Claim. As a result, covered damage to the insured property which was a direct result of the washing machine overflow was overlooked or disregarded.

16. Defendants conducted an outcome oriented investigation of Plaintiffs' Claim, as evidenced by Defendants' failure to pay the full amount of the claim. Plaintiffs provided Defendants access to their damaged insured Property for inspection and damage assessment. Plaintiffs provided Defendants with an inventory of personal property at Defendants request.

Plaintiffs' Claim was inappropriately investigated by Defendants and an insufficient payment was made for the covered damage. Defendants completed a conclusory and self-serving assessment of Plaintiffs' Claim and Defendants denied Plaintiffs' Claim in part. Defendants' policy coverage determination is not supported by the facts of the loss and is not the product of a reasonable claims investigation. Defendants made several misrepresentations to Plaintiffs, primarily concerning the available coverage under the Policy.

17. As a result of Defendants' inadequate and unreasonable investigation, Plaintiffs were inadequately paid on their claim and they have suffered damages. The mishandling of Plaintiffs' Claim caused delays in their ability to repair their home, which resulted in additional damages. Although the claimed physical damage to Plaintiffs' dwelling and personal property was made accessible to Defendants to conduct a reasonable claims investigation, to this date, Plaintiffs have yet to receive the full payment to which they were entitled under the Policy.

18. As detailed in the paragraphs below, Defendants wrongfully denied full coverage for Plaintiffs' Claim for water damage to their Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. To date, Defendants continue to delay payment for repairs and/or replacement of the damaged Property and Plaintiffs have not yet been paid for all of the covered damage.

19. Defendant Safeco failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy have been

carried out and accomplished by Plaintiffs. Defendant Safeco's conduct constitutes a breach of the insurance contract between Defendant Safeco and Plaintiffs.

20. Defendants misrepresented to Plaintiffs that claim related damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

21. Defendants failed to make an attempt to settle Plaintiffs' Claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices, TEX. INS. CODE § 541.060(2)(A).

22. Defendants failed to explain to Plaintiffs the reasons for their denial of Plaintiffs' full claim. Specifically, Defendants failed to offer Plaintiffs compensation, without sufficient explanation of why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendants provide an explanation for their failure to adequately settle Plaintiffs' Claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices, TEX. INS. CODE § 541.060(a)(3).

23. Defendants refused to fully compensate Plaintiffs under the terms of the Policy, even though they failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiffs' Claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

24. Defendant Safeco failed to accept or deny Plaintiffs' full claim within the statutorily mandated time of receiving all necessary information. Defendant Safeco's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

25. Defendant Safeco failed to meets its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' Claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. Defendant Safeco's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

26. From and after the time Plaintiffs' Claim was presented to Defendant Safeco, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Safeco has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant Safeco's conduct constitutes a breach of the common law duty of good faith and fair dealing.

27. Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

28. As a result of Defendants' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of attorneys who are representing them with respect to these causes of action.

29. Plaintiffs' experience is not an isolated case.  The acts and omissions Defendant Safeco committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant Safeco with regard to the handling of these types of claims.  Defendant Safeco's entire process is unfairly designed to reach favorable outcomes for the company at the expense of its policyholders.

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

### FRAUD

30. Defendants Safeco and Seutter are liable to Plaintiffs for common law fraud.

31. Each and every one of the representations, as described above, concerned material facts for the reason that, absent such representations, Plaintiffs would not have acted as they did, and which Defendants knew were false or made recklessly as a positive assertion without any knowledge of their truth.

32. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT SEUTTER ONLY

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

33. Defendant Seutter is individually liable for her unfair and deceptive acts, irrespective of the fact that she was acting on behalf of Defendant Safeco, because Defendant Seutter is a "person" as defined by Texas Insurance Code §541.002(a)(2).  The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance

exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster*, or life and health counselor." TEX. INS. CODE § 541.002(a)(2) (emphasis added); see also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or their under the Texas Insurance Code and subjecting him or their to individual liability).

34. Defendant Seutter's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

35. Defendant Seutter's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

36. Defendant Seutter's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' Claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

37. Defendant Seutter's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the full claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

38. Defendant Seutter's unfair settlement practice, as described above, of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## KNOWLEDGE

39. Each of the acts above regarding Unfair Settlement Practices, together and singularly, was done by Defendant Seutter "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## CAUSES OF ACTION AGAINST DEFENDANT SAFECO ONLY

40. Defendant Safeco is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

41. Defendant Safeco's conduct constitutes a breach of the insurance contract between Defendant Safeco and Plaintiffs. Defendant Safeco's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy

in question and under the laws of the State of Texas, constitutes a breach of Defendant Safeco's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

42. Defendant Safeco's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

43. Defendant Safeco's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

44. Defendant Safeco's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

45. Defendant Safeco's unfair settlement practice, as described above, of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(A)(7).

## KNOWLEDGE

46. Each of the acts above regarding Unfair Settlement Practices, together and singularly, was performed by Defendant Safeco "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

47. Defendant Safeco's conduct constitutes multiple violations of the Texas Insurance Code, The Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

48. Defendant Safeco's failure to acknowledge receipt of Plaintiffs' Claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

49. Defendant Safeco's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

50. Defendant Safeco's delay of the payment of Plaintiffs' Claim following its receipt of all items, statements, and forms reasonably requested and required; longer than the amount of time provided for, as described above; constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## KNOWLEDGE

51. Each of the acts above regarding prompt payment, together and singularly, was done by Defendant Safeco "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

52. Defendant Safeco's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

53. Defendant Safeco's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' Claim, although, at that time, Defendant Safeco knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DAMAGES

54. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

55. As previously mentioned, the damages caused by water have not been properly addressed in the months since, causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants' mishandling of Plaintiffs' Claim in violation of the laws set forth above.

56. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorneys' fees.

57. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, loss of the use of property, mental anguish, court costs, and attorneys' fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

58. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim, as damages, together with attorney's fees. TEX. INS. CODE §542.060.

59. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

60. For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

61. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the undersigned law firm. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## REQUEST FOR DISCLOSURE

62. Under Texas Rule of Civil Procedure 194, Plaintiffs requests that Defendants disclose, within 50 days after the service of this request, the information or materials described in Rule 194.2.

## WRITTEN DISCOVERY

63. *Plaintiffs' First Set of Interrogatories to Defendant Safeco* is attached as "Exhibit A."

64. *Plaintiffs' First Set of Interrogatories to Defendant Seutter* is attached as "Exhibit B."

65. *Plaintiffs' Request for Production to Defendant Safeco* is attached as "Exhibit C."

66. *Plaintiffs' Request for Production to Defendant Seutter* is attached as "Exhibit D."

67. *Plaintiffs' Request for Admissions to Defendant Safeco* is attached as "Exhibit E."

## OBJECTION TO ASSOCIATE JUDGE

68. Plaintiffs object to this case being referred to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## PRAYER

69. Plaintiffs therefore request that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with rules of the law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorneys' fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any

other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

Friesell Westerlage, PLLC

By: /s/ Aristotelis Westerlage
Aristotelis Westerlage
State Bar No. 24088622
The Niels Esperson Buidling
808 Travis St, 24th Floor
Houston, TX 77002
Telephone: 713-236-9177
Fax: 713-650-1602
tellywesterlage@gmail.com

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendants as an attachment to the petition.  Therefore, Defendants would have received it when it was served with the citation.

                    /s/ *Aristotelis Westerlage*
                    Aristotelis Westerlage

# EXHIBIT A

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT

## SAFECO INSURANCE COMPANY OF INDIANA

Plaintiffs Corrine Michel Johnson and Jonathan Shane Johnson serve this First Set of Interrogatories on Defendant Safeco Insurance Company of Indiana, as allowed by Texas Rule of Civil Procedure 197. Defendant must answer each interrogatory separately, fully, in writing, and under oath, within 50 days after service.

## DEFINITIONS AND INSTRUCTIONS

1. DOCUMENT DESTRUCTION: IT IS REQUESTED THAT ALL DOCUMENTS AND/OR OTHER DATA COMPILATIONS WHICH MIGHT HAVE AN IMPACT ON THE SUBJECT MATTER OF THE LITIGATION BE PRESERVED AND THAT ANY ONGOING PROCESS OF DOCUMENT DESTRUCTION INVOLVING SUCH DOCUMENTS CEASE PURSUANT TO TEX. PENAL CODE § 37.09, WHEREIN THE ACT OF CONCEALING OR DESTROYING A DOCUMENT WITH THE INTENT TO IMPAIR ITS AVAILABILITY AS EVIDENCE IN ANY OFFICIAL PROCEEDING IS A CRIMINAL OFFENSE. IN THOSE INSTANCES WHERE DOCUMENT DESTRUCTION HAS ALREADY TAKEN PLACE, IT IS REQUESTED THAT THE DOCUMENTS THAT WOULD HAVE BEEN RELEVANT TO THE FOLLOWING DISCOVERY REQUESTS BE IDENTIFIED AS WELL AS THE DATE OF DESTRUCTION AND THE INDIVIDUAL AUTHORIZING, ORDERING, AND/OR CARRYING OUT THE DESTRUCTION.

2. If you cannot answer any interrogatory in whole or in part due to lack of information or knowledge, state what efforts you and your attorney have made to discover the subject matter of the request.

3. "Plaintiffs," "Plaintiffs Johnson," and "claimants" refer to Corrine Michel Johnson and Jonathan Shane Johnson and Plaintiffs' attorneys.

4. "You," "your," "Defendant Insurer," and "Defendant Safeco" refer to Defendant Safeco Insurance Company of Indiana, its attorneys, insurers, agents, employees, parent corporations, subsidiaries, and divisions; any and all predecessor corporations which have been merged into or acquired by Defendant Safeco Insurance Company of Indiana; all successor corporations; and all other business entities into which Defendant Safeco Insurance Company of Indiana has evolved or transformed since the date in question.

5. "Date in question" refers to on or about March 23, 2014.

6. "The Policy" means insurance policy number OY06615588 with Defendant Safeco under which Plaintiffs were "insured(s)" or "covered person(s)."

7. "Plaintiffs' Claim(s)" refers to the Claim(s) asserted by or on behalf of Plaintiffs pursuant to the Policy for insurance coverage of the Insured Property for loss caused by water on the date in question, under Defendant Safeco claim number 353783765039. "Water loss" and "property loss caused by water" refers to a sudden and accidental discharge or overflow of water or steam from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system, or from within a household appliance.

8. "Insured Property" means the property located at 2311 Shady Creek Drive, Richardson, Texas, described in the policy declarations.

9. "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against Defendant Insurer in this lawsuit.

10. "Your Counsel" means the attorney or attorneys who are representing or have represented Defendant Safeco either with regard to the Claim or in this lawsuit.

11. "Written Communication" means the conveyance of information in writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

12. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording.

13. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

14. "Document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action. "Document" includes, but is not limited to, the following: letters, reports, charts, diagrams, correspondence, telegrams, memoranda, notes, records minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, faxes, invoices, tape recordings, computer printouts, drafts, resumes, and, logs worksheets.

15. "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical

duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind.  Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet – or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and any miscellaneous files or file fragments. Electronic or magnetic data also includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g. SIM cards), removable media (e.g. Zip drives, Jaz cartridges), microfiche, and punched cards. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

16. "Possession, custody, or control" of an item means that the person either has physical possession of the item or constructive possession, such that the person has a right to possession equal to or superior to that of the person who has physical possession of the item.

17. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

18. "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

19. "Identify" or "describe," when referring to a person, means you must state the following:

   a.   The full name.
   b.   The present or last known residential address and residential telephone number.
   c.   The present or last known office address and office telephone number.
   d.   The occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory.
   e.   In the case of any entity, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory and the officer who is responsible for supervising that officer or employee.

21. "Identify" or "describe," when referring to a document, means you must state the following:

a.   The nature of the document (e.g., letter, handwritten note, memoranda, field notes, claim assignment, activity log, underwriting evaluation, estimate, official report, etc.).

b.   The title or heading that appears on the document.

c.   The date of the document and the date of each addendum, supplement, or other addition or change.

d.   The identities of the author, signer or the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

e.   The present location of the document and the name, address, position or title, and telephone number of the person or persons having custody of the document.

## IDENTIFICATION & AUTHENTICATION INTERROGATORIES

The following identification interrogatories do not count against Plaintiffs' limit of 25 interrogatories. TEX. R. CIV. P. 190.3(b)(3).

INTERROGATORY 1:  Identify all insurance policies relevant to this suit.

ANSWER:

INTERROGATORY 2:  Identify all written communications (including electronic or magnetic data) written by Defendant Safeco to Plaintiffs which mention or discuss Plaintiffs' Claim.

ANSWER:

INTERROGATORY 3: Identify all reports (including electronic or magnetic data) generated as a result of your investigation of Plaintiffs' Claim.

ANSWER:

## STANDARD INTERROGATORIES

The following standard interrogatories count against Plaintiffs' limit of 25 interrogatories. TEX. R. CIV. P. 190.3(b)(3).

INTERROGATORY 1:   Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories.

ANSWER:

INTERROGATORY 2:   Identify all documents (including electronic or magnetic data) Defendant Safeco has acquired or used for purposes of education, training, reference, or consultation in the investigation and handling of first-party claims for insurance benefits under policies providing coverage for property loss caused by water under Defendant Safeco's

homeowners insurance policies in effect in Texas at any time during the two year period prior to the date in question, extending to the present.

ANSWER:

INTERROGATORY 3:   Do you have written procedures or policies (including document(s) maintained as electronic or magnetic data) that you maintain for your use and/or reference when investigating or handling policyholders' first party claims for coverage of loss by water under Defendant Safeco's homeowners insurance policies in Texas? If so, state:

> (a) The person or persons who have custody of such manuals or written procedures;
> (b) The address of such person; and
> (c) The title or position of such person; and
> (d) The telephone number of such person.

ANSWER:

INTERROGATORY 4:   Have any documents (including electronic or magnetic data) emails, and/or instant messages that mention or discuss Plaintiffs' Claim or the investigation and/or handling of Plaintiffs' Claim been destroyed or disposed of?  If so, please identify: (1) the document destroyed, (2) the date the document was destroyed, and (3) the individual who authorized, ordered, and/or carried out the destruction.

ANSWER:

INTERROGATORY 5: Generally describe all investigative steps conducted by you or any of your representatives (both internal/staff adjusters and/or third party/independent adjusters) with respect to the Plaintiffs' Claim, which are not reflected in the claim file.  Identify the person(s) involved in each step.

ANSWER:

INTERROGATORY 6:   Identify all persons who investigated, handled, reviewed, made decisions, or exchanged any documents or communications, including electronic communications, regarding Plaintiffs' Claim.  For any such person who is no longer Defendant Safeco's employee, agent, or representative, please so indicate and provide the person's last known address and telephone number.

ANSWER:

INTERROGATORY 7: State the following concerning the notice of Plaintiffs' Claim and timing of payment:

a.  The date and manner in which you received notice of Plaintiffs' Claim;

b.  The date and manner in which you acknowledged receipt of Plaintiffs' Claim;

c.  The date and manner in which you commenced investigation of Plaintiffs' Claim;

d.  If applicable, the date and manner in which you requested from Plaintiffs all items, statements, and forms that you reasonably believed, at the time, would be required from Plaintiffs to determine coverage of the Claim;

e.  If applicable, the date and manner in which you notified Plaintiffs in writing that additional time was required to determine coverage of the Claim, the length of additional time you contended was required, and the bases for the request of additional time.

f.  If applicable, the date and manner in which you notified Plaintiffs in writing of acceptance or rejection of the Plaintiffs' Claim.

ANSWER:

INTERROGATORY 8: Have you denied or rejected any portion of Plaintiffs' Claim?  If so, state every basis, in fact and in terms of the Policy, of the reason(s) you rejected or denied Plaintiffs' Claim.

ANSWER:

INTERROGATORY 9: On what date did you anticipate litigation?

ANSWER:

INTERROGATORY 10:   During the two year period prior to the date in question, extending to the present, what documents (including electronic or magnetic data) are routinely generated by you during the course of investigation and handling of a policyholder's first-party claim for coverage of property loss by water under Defendant Safeco's homeowners insurance policies in Texas?  (e.g. Investigation Reports; z-records; reserves sheet; electronic claims diary; claim review report; team controversion report, ISO searches, consent to disclose/authorization for release of information, etc.)?

ANSWER:

INTERROGATORY 11: Do you contend that the loss, or any damage claimed by Plaintiffs, of the Insured Property falls within an exclusion to coverage under the Policy?  If so, state the general factual basis for this contention.

ANSWER:

INTERROGATORY 12: Do you contend that Plaintiffs voided, nullified, waived, or breached the insurance Policy by any act or omission? If so, state the general factual bases for this contention.

ANSWER:

INTERROGATORY 13:  Do you contend that Plaintiffs did not provide Defendant Safeco with requested information that was required in order to properly evaluate Plaintiffs' Claim(s)?  If so, state: (1) what information was required in order to properly evaluate Plaintiffs' Claim(s); (2) what information was requested from Plaintiffs but not provided; and (3), the date(s) the information was requested.

ANSWER:

INTERROGATORY 14:  Do you contend that Plaintiffs failed to satisfy any condition precedent or covenant of the Policy in any way? If so, state the general factual bases for this contention.

ANSWER:

INTERROGATORY 15:  Identify every person who is expected to be called to testify at trial.

ANSWER:

INTERROGATORY 16:  Identify every person who has impeachment or rebuttal evidence and describe the evidence each person has.  If you have enough information to anticipate the use of impeachment or rebuttal evidence or witnesses, you must provide that information.

ANSWER:

INTERROGATORY 17: Where are the documents and/or files (including electronic or magnetic data) which mention or refer to Plaintiffs' Claim kept?  Identify the custodian of the documents and/or files.

ANSWER:

INTERROGATORY 18: State the cause number, style, and court for each lawsuit filed against Defendant Safeco alleging misconduct, improper claims handling, bad faith, violations of Texas Insurance Code § 541.060 et. seq., formerly known as Article 21.21, or violations of Texas Insurance Code § 542.055 et. seq., formerly known as Article 21.55, in the handling of policyholders' first-party claims for coverage of loss by water under Defendant Safeco's

homeowners insurance policies in Texas during the two year period prior to the date in question, extending to the present.

ANSWER:

INTERROGATORY 19:  State the name, address, and telephone number of each policyholder who gave Defendant Safeco written notice of a complaint about Defendant Safeco's investigation or handling of policyholders' first-party claims for coverage of loss by water under Safeco's homeowners insurance policies in Texas during the two year period prior to the date in question, extending to the present.

ANSWER:

INTERROGATORY 20:  State the name, address, and telephone number of each policyholder from whom Defendant Safeco recorded a complaint about Defendant Safeco's investigation or handling of the policyholder's first-party claim for coverage of loss by water under Defendant Safeco's homeowners insurance policies in Texas during the two year period prior to the date in question, extending to the present.

ANSWER:

INTERROGATORY 21:  For each complaint identified in the responses to interrogatories 19 and 20, state whether any communication was exchanged between Defendant Insurer and any Texas government regulatory agency, including the Texas Department of Insurance (TDI), regarding the complaint.  If any communication was exchanged between the Defendant Insurer and any Texas government regulatory agency regarding the complaint, state: (1) the name of the agency; (2) the name of the government's representative with whom Defendant Insurer exchanged communication, and (3) the reason for the government agency's involvement.

ANSWER:

INTERROGATORY 22:  For each investigation by a Texas governmental agency into Defendant Safeco's practices when investigating or handling policyholders' first-party claims for coverage of loss by water under Defendant's homeowners insurance policies in Texas during the two year period prior to the date in question extending to the present, state: (1) the name of the agency, (2) the names of all investigators, and (3) the names of all government representatives with whom Defendant Safeco communicated for purposes of the investigation.

ANSWER:

# EXHIBIT B

PLAINTIFFS' FIRST SET OF INTERROGATORIES TO

DEFENDANT LISA A. SEUTTER

Plaintiffs Corrine Michel Johnson and Jonathan Shane Johnson serve this First Set of

Interrogatories on Defendant Lisa A. Seutter, as allowed by Texas Rule of Civil Procedure 197.

Defendant Seutter must answer each interrogatory separately, fully, in writing, and under oath,

within 50 days after service.

## DEFINITIONS AND INSTRUCTIONS

1. DOCUMENT DESTRUCTION: IT IS REQUESTED THAT ALL DOCUMENTS AND/OR OTHER DATA COMPILATIONS WHICH MIGHT HAVE AN IMPACT ON THE SUBJECT MATTER OF THE LITIGATION BE PRESERVED AND THAT ANY ONGOING PROCESS OF DOCUMENT DESTRUCTION INVOLVING SUCH DOCUMENTS CEASE PURSUANT TO TEX. PENAL CODE § 37.09, WHEREIN THE ACT OF CONCEALING OR DESTROYING A DOCUMENT WITH THE INTENT TO IMPAIR ITS AVAILABILITY AS EVIDENCE IN ANY OFFICIAL PROCEEDING IS A CRIMINAL OFFENSE. IN THOSE INSTANCES WHERE DOCUMENT DESTRUCTION HAS ALREADY TAKEN PLACE, IT IS REQUESTED THAT THE DOCUMENTS THAT WOULD HAVE BEEN RELEVANT TO THE FOLLOWING DISCOVERY REQUESTS BE IDENTIFIED AS WELL AS THE DATE OF DESTRUCTION AND THE INDIVIDUAL AUTHORIZING, ORDERING, AND/OR CARRYING OUT THE DESTRUCTION.

2. If you cannot answer any interrogatory in whole or in part due to lack of information or knowledge, state what efforts you and your attorney have made to discover the subject matter of the request.

3. "Plaintiffs," "Plaintiffs Johnson," and "claimant" refer to Corrine Michel Johnson and Jonathan Shane Johnson and Plaintiffs' attorneys.

4. "Defendant Insurer" and "Defendant Safeco" refer to Defendant Safeco Insurance Company of Indiana, its attorneys, insurers, agents, employees, parent corporations, subsidiaries, and divisions; any and all predecessor corporations which have been merged into or acquired by Defendant Safeco Insurance Company of Indiana; all successor corporations; and all other business entities into which Defendant Safeco Insurance Company of Indiana has evolved or transformed since the date in question.

5. "You," "your," "Defendant," "Defendant adjuster," and "Defendant Seutter" refers to Defendant Lisa A. Seutter and her attorneys.

6. "Date in question" refers to on or about March 23, 2014.

7. "The Policy" means insurance policy number OY06615588 with Defendant Safeco under which Plaintiffs was an insured or covered person.

8. "Plaintiffs' Claim(s)," "claim," and "Claim," refer to the Claim(s) asserted by or on behalf of Plaintiffs pursuant to the Policy for insurance coverage of the Insured Property for loss caused by water on the date in question under Defendant Safeco claim number 353783765039. "Water loss" and "property loss caused by water" refer to a sudden and accidental discharge or overflow of water or steam from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system, or from within a household appliance.

9. "Insured Property" means the property located at 2311 Shady Creek Drive, Richardson, Texas, described in the policy declarations.

10. "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against Defendant Insurer in this lawsuit.

11. "Your Counsel" means the attorney or attorneys who are representing or have represented Defendant Seutter either with regard to the Claim or in this lawsuit.

12. "Written Communication" means the conveyance of information in writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

13. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording.

14. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

15. "Document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action. "Document" includes, but is not limited to, the following: letters, reports, charts, diagrams, correspondence, telegrams, memoranda, notes, records minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, faxes, invoices, tape recordings, computer printouts, drafts, resumes, and, logs worksheets.

16. "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet – or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and any miscellaneous files or file fragments. Electronic or magnetic data also includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g. SIM cards), removable media (e.g. Zip drives, Jaz cartridges), microfiche, and punched cards. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

17. "Possession, custody, or control" of an item means that the person either has physical possession of the item or constructive possession, such that the person has a right to possession equal to or superior to that of the person who has physical possession of the item.

18. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

19. "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

20. "Identify" or "describe," when referring to a person, means you must state the following:

    a.    The full name.

    b.    The present or last known residential address and residential telephone number.

    c.    The present or last known office address and office telephone number.

    d.    The occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory.

    e.    In the case of any entity, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory and the officer who is responsible for supervising that officer or employee.

21. "Identify" or "describe," when referring to a document, means you must state the following:

    a.    The nature of the document (e.g., letter, handwritten note, memoranda, field notes, claim assignment, activity log, underwriting evaluation, estimate, official report, etc.).

    b.    The title or heading that appears on the document.

    c.    The date of the document and the date of each addendum, supplement, or other addition or change.

    d.    The identities of the author, signer or the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

    e.    The present location of the document and the name, address, position or title, and telephone number of the person or persons having custody of the document.

## IDENTIFICATION & AUTHENTICATION INTERROGATORIES

The following identification interrogatories do not count against Plaintiffs' limit of 25 interrogatories. TEX. R. CIV. P. 190.3(b)(3).

INTERROGATORY 1:  Identify all insurance policies relevant to this suit.

ANSWER:

INTERROGATORY 2:  Identify all written communications (including electronic or magnetic data) written by Defendant Seutter to Plaintiffs which mention or discuss Plaintiffs' Claim.

ANSWER:

INTERROGATORY 3: Identify all reports (including electronic or magnetic data) generated as a result of your investigation of Plaintiffs' Claim.

ANSWER:

## STANDARD INTERROGATORIES

The following standard interrogatories count against Plaintiffs' limit of 25 interrogatories. TEX. R. CIV. P. 190.3(b)(3).

INTERROGATORY 1:  State the name, address (both work and home), telephone number, driver's license number, social security number, and position or job title of all persons answering these interrogatories.

ANSWER:

INTERROGATORY 2:  List the date(s) Defendant adjuster requested that Plaintiffs provide any of the named defendants in this cause of action with information, which was required in order to properly evaluate Plaintiffs' Claim(s).

ANSWER:

INTERROGATORY 3:  List the date(s) Defendant adjuster received Plaintiffs' Claim(s) for coverage of water damage to the Insured Property, the date(s) Defendant adjuster first acknowledged Plaintiffs' notice of claim(s), and in what form the notice of claim was submitted.

ANSWER:

INTERROGATORY 4:  State whether Defendant adjuster contends that Plaintiffs did not provide any of the named defendants in this cause of action with requested information that was required in order to properly evaluate Plaintiffs' Claim(s).  If so, state what was required in order to properly evaluate Plaintiffs' Claim(s).  If so, state what information was requested and not provided, and the dates of the requests.

ANSWER:

INTERROGATORY 5: State every basis in fact and in the terms of the Plaintiffs' policy, for Defendant adjuster's denial and/or recommendation of denial of Plaintiffs' Claim(s).

ANSWER:

INTERROGATORY 6:  State the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries, made decisions, or exchanged any documents or communications, including electronic, regarding Plaintiffs' insurance policy or the claim(s) made the basis of this lawsuit, including the name, address, and telephone number of the supervisor(s) of the person(s).  For any such person who is no longer an employee, agent or representative of any defendant, please so indicate and provide the person's last known address and telephone number.

ANSWER:

INTERROGATORY NO. 7:  State the number of years in which Defendant adjuster has adjusted investigated and/or recommended any compromise settlement and/or payment of policies held by Defendant Insurer.  Please provide the date on which Defendant adjuster was licensed as an adjuster in the State of Texas.

ANSWER:

INTERROGATORY NO. 8:  List any and all courses, seminars, education, training or other experience Defendant adjuster has attended or received concerning knowledge of Texas

Insurance Code Chapter 541, formerly Art. 21.21 *et. seq.* and Texas Insurance Code Chapter 542, formerly Art. 21.55, *et. seq.* Please provide the name, address and telephone number of the entity or individual that sponsored and/or provided the course, seminar, education, training or other experience.

ANSWER:

INTERROGATORY NO. 9: State the legal theories, and describe the factual bases, for your contention that Defendant adjuster fully complied with each of the claims handling requirements codified in TEX. INS. Code § 541.060, the violation of which is alleged in Plaintiffs' current live pleading against Defendant adjuster.

ANSWER:

INTERROGATORY NO. 10: State the cause number, style, and court for each lawsuit filed against Defendant adjuster in the last five years alleging misconduct, improper claims handling, bad faith, violations of Texas Insurance Code § 541.060, formerly known as Article 21.21, or violations of Texas Insurance Code § 542.055 *et. seq.*, formerly known as Article 21.55, in handling of first party claims for coverage of loss by water under homeowners insurance policies in Texas.

ANSWER:

INTERROGATORY NO. 11: State the name, address, and telephone number of each policy holder who gave Defendant adjuster written notice, within the last five years, of a complaint about Defendant's handling of first party claims for coverage of loss by water under homeowners insurance policies in Texas.

ANSWER:

INTERROGATORY NO. 12: State the name, address, and telephone number of each policy holder from whom Defendant adjuster recorded a complaint, within the last five years, about Defendant adjuster's handling of first party claims for coverage of loss by water under homeowners insurance policies in Texas.

ANSWER:

INTERROGATORY NO. 13: For each complaint identified in the responses to interrogatories 11 and 12, state whether any communication was exchanged between Defendant adjuster and any Texas governmental regulatory agency regarding the complaint. If the response is yes for any such complaint, state the name of the agency, the name of the government's representative with who Defendant adjuster exchanged communication, and the reason for the governmental agency's involvement.

ANSWER:

INTERROGATORY NO. 14:  For each investigation by a Texas governmental agency within the last five years into Defendant adjuster's practices when handling first party claims for coverage of loss by water under homeowners insurance policies in Texas, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant adjuster communicated for purpose of the investigation.

ANSWER:

INTERROGATORY NO. 15:  Identify by name, address, and telephone number, all persons and/or entities that have filed for coverage of loss by water under homeowners insurance policies in Texas with Defendant Insurer that have been adjusted by Defendant adjuster within the two year period prior to the date in question, extending to the present.

ANSWER:

INTERROGATORY NO. 16:  List and identify any and all courses, seminars, education, training, or reference materials Defendant adjuster attended, received, or reviewed which mention or discuss claims for coverage of loss by water under homeowners insurance policies in Texas.

ANSWER:

INTERROGATORY NO. 17:  List and identify any and all experience Defendant adjuster has concerning claims for coverage of loss by water under homeowners insurance policies in Texas.

ANSWER:

INTERROGATORY NO. 18:  List and identify any and all courses, seminars, education, training or reference materials Defendant adjuster attended, received, or reviewed specific to the handling and investigation of claims for coverage of loss by water under homeowners insurance policies in Texas, and the source from which the training was acquired, within the last five years.

ANSWER:

INTERROGATORY NO. 19:  List and identify any and all courses, seminars, education, training or reference materials Defendant adjuster possesses which may be different from those acquired or used by Defendant Safeco.

ANSWER:

INTERROGATORY NO. 20:  State the current annual salary Defendant adjuster earns from the adjustment of insurance claims.  Please state any retirement, bonus, incentive plan and/or profit-sharing plan proceeds received in the last five years, and how those retirement, bonus, incentive plan and/or profit-sharing plan proceeds were calculated.

ANSWER:

INTERROGATORY NO. 21: Please state whether Defendant adjuster took, or is aware of the taking of, a recorded statement and/or examination under oath of Plaintiffs regarding the claim made the basis of this lawsuit. If a recorded statement and/or examination under oath were taken, please state the date it was taken and the name of the person taking the statement. Please also state whether the statement was transcribed and where the statement is currently located and/or the last place Defendant adjuster saw a transcription of same.

ANSWER:

INTERROGATORY NO. 22: State whether the Defendant adjuster recommended payment on Plaintiffs' Claim(s), and, if so, in what amount(s).

ANSWER:

INTERROGATORY NO. 23: State whether the Defendant adjuster requested or asked for assistance in handling and/or investigating Plaintiffs' Claim(s), and, if so, to whom was the request made, such as to a supervisor, other defendant(s), or any other person(s). Please include the name, address, and telephone number of such individual(s).

ANSWER:

INTERROGATORY NO. 24: State the name, address, and telephone number of the office from which Defendant adjuster worked while handling Plaintiffs' Claim(s) and the name, address, and telephone number of Defendant's direct supervisor during that time.

ANSWER:

# EXHIBIT C

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA

Plaintiffs Corrine Michel Johnson and Jonathan Shane Johnson serve this request for production on Defendant Safeco Insurance Company of Indiana, as allowed by Texas Rule of Civil Procedure 196. Defendant must produce all requested documents (as they are kept in the ordinary course of business or organized and labeled to correspond with categories in each request) for inspection and copying, not more than 50 days after service, at Friesell Westerlage, PLLC, 808 Travis St., 24th Floor, Houston, Texas 77002.

### DEFINITIONS AND INSTRUCTIONS

1. Answer each request for documents separately by listing the documents and by describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number.

2. DOCUMENT DESTRUCTION: IT IS REQUESTED THAT ALL DOCUMENTS AND/OR OTHER DATA COMPILATIONS WHICH MIGHT HAVE AN IMPACT ON THE SUBJECT MATTER OF THE LITIGATION BE PRESERVED AND THAT ANY ONGOING PROCESS OF DOCUMENT DESTRUCTION INVOLVING SUCH DOCUMENTS CEASE PURSUANT TO TEX. PENAL CODE § 37.09, WHEREIN THE ACT OF CONCEALING OR DESTROYING A DOCUMENT WITH THE INTENT TO IMPAIR ITS AVAILABILITY AS EVIDENCE IN ANY OFFICIAL PROCEEDING IS A CRIMINAL OFFENSE. IN THOSE INSTANCES WHERE DOCUMENT DESTRUCTION HAS ALREADY TAKEN PLACE, IT IS REQUESTED THAT THE DOCUMENTS THAT WOULD HAVE BEEN RELEVANT TO THE FOLLOWING DISCOVERY REQUESTS BE IDENTIFIED AS WELL AS THE DATE OF DESTRUCTION AND THE INDIVIDUAL AUTHORIZING, ORDERING, AND/OR CARRYING OUT THE DESTRUCTION.

3. For a document (including those maintained as electronic or magnetic data) that no longer exists or that cannot be located: (1) identify the document; (2) state how and when it passed out of existence or could no longer be located; (3) the reasons for the disappearance; (4) identify each person having knowledge about the disposition or loss of the document; and (5), identify any other document evidencing the lost document's existence or any facts about the lost document.

a. When identifying the document, you must state the following:

    (1) The nature of the document (e.g., letter, handwritten note).
    (2) The title or heading that appears on the document.
    (3) The date of the document and the date of each addendum, supplement, or other addition or change.
    (4) The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

b. When identifying the person, you must state the following:

    (1) The person's full name.
    (2) The present or last known residential address and residential telephone number.
    (3) The present or last known office address and office telephone number.
    (4) The present occupation, job title, employer, and employer's address.

4. "Plaintiffs," "Plaintiffs Johnson," and "claimants" refer to Corrine Michel Johnson and Jonathan Shane Johnson and Plaintiffs' attorneys.

5. "You," "your," "Defendant Insurer," and "Defendant Safeco" refer to Defendant Safeco Insurance Company of Indiana, its attorneys, insurers, agents, employees, parent corporations, subsidiaries and divisions; and an all predecessor corporations which have been merged into or acquired by Defendant Safeco Insurance Company of Indiana; all successor corporations; and all other business entities into which Defendant Safeco Insurance Company of Indiana has evolved or transformed since the date in question.

6. "Date in question" refers to on or about March 23, 2014.

7. "The Policy" means insurance Policy number OY06615588 with Defendant Safeco under which Plaintiffs was an insured or covered person.

8. "Plaintiffs' Claim(s)" refers to the Claim(s) asserted by or on behalf of Plaintiffs pursuant to the Policy for insurance coverage of the Insured Property for loss caused by water on the date in question under Defendant Safeco claim number 353783765039. "Water loss" and "property loss caused by water" refers to a sudden and accidental discharge or overflow of water or steam from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system, or from within a household appliance.

9. "Insured Property" means the property located on 2311 Shady Creek Drive, Richardson, Texas described in the Policy declarations.

10. "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against Defendant Insurer in this lawsuit.

11. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the Claim or in this lawsuit.

12. "Written Communication" means the conveyance of information by writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

13. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording.

14. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

15. "Document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action. "Document" includes, but is not limited to, the following: letters, reports, charts, diagrams, correspondence, telegrams, memoranda, notes, records minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, faxes, invoices, tape recordings, computer printouts, drafts, resumes, and, logs worksheets.

16. "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet – or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and any miscellaneous files or file fragments. Electronic or magnetic data also includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g. SIM cards), removable media (e.g. Zip drives, Jaz cartridges), microfiche, and punched cards. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

17. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal to or superior to that of the person who has physical possession of the item.

18. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

19. "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

20. Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Requests for Production below in tiff or PDF searchable format, including, but not limited to email, instant message and PDF forms of the documents.

## PLAINTIFFS' REQUEST FOR PRODUCTION

REQUEST FOR PRODUCTION 1: All documents (including electronic or magnetic data) sent to, received from, or exchanged by and/or between you and Plaintiffs which mention or discuss Plaintiffs' Claim(s).

RESPONSE:

REQUEST FOR PRODUCTION 2: All documents (including electronic or magnetic data) sent to and/or received from, or exchanged by and/or between you and Plaintiffs' insurance agent and/or the insurance agent's agents, employees, or representatives which mention or discuss Plaintiffs' Claim(s).

RESPONSE:

REQUEST FOR PRODUCTION 3: Your claim file (including magnetic and electronic data) created and/or maintained in connection with Plaintiffs' Claim(s).

RESPONSE:

REQUEST FOR PRODUCTION 4: All written communications (including electronic or magnetic data) from you to Plaintiffs requesting additional information that you contend was required to properly evaluate Plaintiffs' Claim(s).

RESPONSE:

REQUEST FOR PRODUCTION 5: Your electronic diary, including the electronic and paper notes made by all claim representatives and/or adjusters that mention or discuss Plaintiffs' Claim(s).

RESPONSE:

REQUEST FOR PRODUCTION 6:    All emails, instant messages and internal-written communications (including electronic or magnetic data) created by, sent by, and/or received by Defendant Safeco and all claim representatives and/or adjusters which mention or discuss Plaintiffs' Claim(s).

RESPONSE:

REQUEST FOR PRODUCTION 7:   All deleted emails, instant messages and internal-written communications (including electronic or magnetic data) created by, sent by, and/or received by Defendant Safeco and all claim representatives and/or adjusters which mention or discuss Plaintiffs' Claim(s).

RESPONSE:

REQUEST FOR PRODUCTION 8:   Claim representatives and/or adjuster's field notes file (including magnetic or electronic data) which mention, discuss, or refer to Plaintiffs' Claim(s).

RESPONSE:

REQUEST FOR PRODUCTION 9:  Videotapes, photographs and recordings you created during or in the course of your handling of Plaintiffs' Claim, regardless of whether you intend to offer these items into evidence at trial.

RESPONSE:

REQUEST FOR PRODUCTION 10:   All documents, records, and tangible evidence of any kind (including electronic or magnetic data) that support Defendant Safeco's decision to deny any portion of Plaintiffs' Claim(s).

RESPONSE:

REQUEST FOR PRODUCTION 11:    All reports (including electronic or magnetic data) generated as a result of claim representatives' and/or adjuster's investigation of Plaintiffs' Claim(s).

RESPONSE:

REQUEST FOR PRODUCTION 12:  All documents (including electronic or magnetic data) which mention or discuss how claim representatives' and/or adjusters' performance is evaluated.

RESPONSE:

REQUEST FOR PRODUCTION 13:  All education, courses, training, seminars, certifications, licenses and/or reference materials (including electronic or magnetic data) in claim representatives' and/or adjusters' possession at the time of adjusting Plaintiffs' Claim(s) that

mention or discuss the handling or investigation of a policyholder's first party claim for coverage of property loss by water.

RESPONSE:

REQUEST FOR PRODUCTION 14: All education, courses, training, seminar and/or reference materials (including electronic or magnetic documents) that claim representatives and/or adjusters attended, received, reviewed and/or consulted during the investigation of Plaintiffs' Claim(s) which mention or discuss the handling or investigation of a policyholder's first-party claim for property loss.

RESPONSE:

REQUEST FOR PRODUCTION 15:  All written communications (including electronic and magnetic data) written by claim representatives and/or adjusters which mention or discuss the claim representatives' and/or adjusters' recommendations to accept and/or reject/deny Plaintiffs' Claim(s).

RESPONSE:

REQUEST FOR PRODUCTION 16:  All deleted emails written or received by claim representatives and/or adjusters which mention or discuss a recommendation to accept and/or reject/deny Plaintiffs' Claim(s).

RESPONSE:

REQUEST FOR PRODUCTION 17: The portions of the personnel file of claim representatives and/or adjusters involved with the handling of Plaintiffs' Claim that pertain to disciplinary actions associated with claims handling and performance under Defendant Insurer's retirement, bonus, incentive plan and/or profit-sharing plan within the two year period prior to the date in question, extending to the present.

RESPONSE:

REQUEST FOR PRODUCTION 18:  The retirement, bonus, incentive plan and/or profit-sharing plan applicable to claim representatives' and/or adjusters' managers/supervisors in effect at any time during the two year period prior to the date in question, extending to the present.

RESPONSE:

REQUEST FOR PRODUCTION 19:  All documents (including electronic or magnetic data) which mention or discuss Defendant Insurer's retirement, bonus, incentive plan and/or profit-sharing plan applicable to claim representatives' and/or adjusters' managers/supervisor in effect at any time during the two year period prior to the date in question, extending to the present.

RESPONSE:

REQUEST FOR PRODUCTION 20: The retirement, bonus, incentive plan and/or profit-sharing plan applicable to claim representatives and/or adjusters in effect at any time during the two year period prior to the date in question, extending to the present.

RESPONSE:

REQUEST FOR PRODUCTION 21: All documents (including electronic or magnetic data) which mention or discuss Defendant Insurer's retirement, bonus, incentive plan and/or profit-sharing plan applicable to claim representatives and/or adjusters in effect at any time during the two year period prior to the date in question, extending to the present.

RESPONSE:

REQUEST FOR PRODUCTION 22: Each and every complaint (including those maintained as electronic or magnetic data) made against Defendant Insurer within the two year period prior to the date in question, extending to the present, concerning the manner in which a policyholder's first-party claim for coverage of property loss has been investigated or handled investigated by claim representatives and/or adjusters handling the Claim. This request includes complaints made to the Texas Department of Insurance (TDI) or any other Texas regulatory agency.

RESPONSE:

REQUEST FOR PRODUCTION 23: Copies of all records prepared or kept pursuant to the rules and regulations of TDI (including those maintained as electronic or magnetic data), pertaining to any complaints made by Defendant Insurer's policyholders that mention or discuss the manner in which the claim representatives and/or adjusters handling the Claim investigated or handled a first-party claim for coverage of property loss within the two year period prior to the date in question, extending to the present.

RESPONSE:

REQUEST FOR PRODUCTION 24: Copies of all documents (including those maintained as electronic or magnetic data) that mention or discuss any complaint made by any Policyholder against Defendant Insurer about the investigation or handling of any first-party claim for coverage of property loss within the last five years which was conducted by the claim representatives and/or adjusters handling the Claim.

RESPONSE:

REQUEST FOR PRODUCTION 25: All written communication (including electronic and magnetic data) exchanged between the claim representatives and/or adjusters handling the Claim and any Texas regulatory agency regarding a complaint by a Policyholder of those claim representatives' and/or adjusters' handling or investigation of a first party claim for insurance

coverage of a property loss within the two year period prior to the date in question, extending to the present.

RESPONSE:

REQUEST FOR PRODUCTION 26: Copies of all company guidelines (including those maintained as electronic or magnetic data) in effect while Plaintiffs' Claim(s) was adjusted that mention or discuss the basis on which Defendant Safeco determines whether the payment of general contractor's overhead and profit is warranted.

RESPONSE:

REQUEST FOR PRODUCTION 28: Copies of all resumes and/or curricula vitae (CV) and Texas Department of Insurance Adjuster licenses (including those maintained as electronic or magnetic data) for claim representatives/adjusters Lisa A. Seutter and any other claims representative, claims adjuster, or claims supervisor who handled Plaintiffs' Claim(s).

RESPONSE:

# EXHIBIT D

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION
### TO DEFENDANT LISA A. SEUTTER

Plaintiffs Corrine Michel Johnson and Jonathan Shane Johnson serve this request for production on Defendant Lisa A. Seutter, as allowed by Texas Rule of Civil Procedure 196. Defendant must produce all requested documents (as they are kept in the ordinary course of business or organized and labeled to correspond with categories in each request) for inspection and copying, within 50 days after service, at Friesell Westerlage, PLLC, 808 Travis St., 24th Floor, Houston, Texas 77002.

### DEFINITIONS AND INSTRUCTIONS

1. Answer each request for documents separately by listing the documents and by describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number.

2. DOCUMENT DESTRUCTION: IT IS REQUESTED THAT ALL DOCUMENTS AND/OR OTHER DATA COMPILATIONS WHICH MIGHT HAVE AN IMPACT ON THE SUBJECT MATTER OF THE LITIGATION BE PRESERVED AND THAT ANY ONGOING PROCESS OF DOCUMENT DESTRUCTION INVOLVING SUCH DOCUMENTS CEASE PURSUANT TO TEX. PENAL CODE § 37.09, WHEREIN THE ACT OF CONCEALING OR DESTOYING A DOCUMENT WITH THE INTENT TO IMPAIR ITS AVAILABILITY AS EVIDENCE IN ANY OFFICIAL PROCEEDING IS A CRIMINAL OFFENSE. IN THOSE INSTANCES WHERE DOCUMENT DESTRUCTION HAS ALREADY TAKEN PLACE, IT IS REQUESTED THAT THE DOCUMENTS THAT WOULD HAVE BEEN RELEVANT TO THE FOLLOWING DISCOVERY REQUESTS BE IDENTIFIED AS WELL AS THE DATE OF DESTRUCTION AND THE INDIVIDUAL AUTHORIZING, ORDERING, AND/OR CARRYING OUT THE DESTRUCTION.

3. For a document (including those maintained as electronic or magnetic data) that no longer exists or that cannot be located: (1) identify the document; (2) state how and when it passed out of existence or could no longer be located; (3) the reasons for the disappearance; (4) identify each person having knowledge about the disposition or loss of the document; and (5), identify any other document evidencing the lost document's existence or any facts about the lost document.

a. When identifying the document, you must state the following:

   (1) The nature of the document (e.g., letter, handwritten note).
   (2) The title or heading that appears on the document.
   (3) The date of the document and the date of each addendum, supplement, or other addition or change.
   (4) The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

b. When identifying the person, you must state the following:

   (1) The full name.
   (2) The present or last known residential address and residential telephone number.
   (3) The present or last known office address and office telephone number.
   (4) The present occupation, job title, employer, and employer's address.

4. "Plaintiffs," "Plaintiffs Johnson," and "claimants" refer to Plaintiffs Corrine Michel Johnson and Jonathan Shane Johnson and Plaintiffs' attorneys.

5. "You," "your," "Defendant Insurer," and "Defendant Safeco" refer to Defendant Safeco Insurance Company of Indiana, its attorneys, insurers, agents, employees, parent corporations, subsidiaries and divisions; and an all predecessor corporations which have been merged into or acquired by Defendant Safeco Insurance Company of Indiana; all successor corporations; and all other business entities into which Defendant Safeco Insurance Company of Indiana has evolved or transformed since the date in question.

6. "Defendant Seutter" and "Defendant adjuster" refer to Defendant Lisa A. Seutter, her attorneys, insurers, agents, and/or employees.

7. "Date in question" refers to on or about March 23, 2014.

8. "The Policy" means insurance policy number OY06615588 with Defendant Safeco under which Plaintiffs was an insured or covered person.

9. "Plaintiffs' Claim(s)" refers to the Claim(s) asserted by or on behalf of Plaintiffs pursuant to the Policy for insurance coverage of the Insured Property for loss caused by water on the date in question under Defendant Safeco claim number 353783765039. "Water loss" and "property loss caused by water" refers to a sudden and accidental discharge or overflow of water or steam from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system, or from within a household appliance.

10. "Insured Property" means the property located at 2311 Shady Creek Drive, Richardson, Texas described in the Policy declarations.

11. "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against Defendant Insurer in this lawsuit.

12. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the Claim or in this lawsuit.

13. "Written Communication" means the conveyance of information by writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

14. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording.

15. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

16. "Document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action. "Document" includes, but is not limited to, the following: letters, reports, charts, diagrams, correspondence, telegrams, memoranda, notes, records minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, faxes, invoices, tape recordings, computer printouts, drafts, resumes, and, logs worksheets.

17. "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet – or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and any miscellaneous files or file fragments. Electronic or magnetic data also includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g. SIM cards), removable media (e.g. Zip drives, Jaz cartridges), microfiche, and punched cards. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

18. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal to or superior to that of the person who has physical possession of the item.

19. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

20. "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

21. Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Requests for Production below in tiff or pdf searchable format, including, but not limited to email, instant message and pdf forms of the documents.

## PLAINTIFFS' REQUEST FOR PRODUCTION

REQUEST FOR PRODUCTION 1: All documents (including electronic or magnetic data) sent to, received from, or exchanged by and/or between you and Plaintiffs which mention or discuss Plaintiffs' Claim(s).

RESPONSE:

REQUEST FOR PRODUCTION 2: All documents (including electronic or magnetic data) sent to and/or received from, or exchanged by and/or between you and Plaintiffs' insurance agent and/or the insurance agent's agents, employees, or representatives which mention or discuss Plaintiffs' Claim(s) and/or Plaintiffs' Policy.

RESPONSE:

REQUEST FOR PRODUCTION 3: Your claim file (including magnetic and electronic data) created and/or maintained in connection with Plaintiffs' Claim(s).

RESPONSE:

REQUEST FOR PRODUCTION 4: All written communications (including electronic or magnetic data) from you to Plaintiffs requesting additional information that was you contend was required to properly evaluate Plaintiffs' Claim(s).

RESPONSE:

REQUEST FOR PRODUCTION 5: Defendant adjuster's claim diary, including both the electronic and paper notes made by Defendant adjuster that mention or discuss Plaintiffs' Claim(s).

RESPONSE:

REQUEST FOR PRODUCTION 6:   All emails, instant messages and internal-written communications (including electronic or magnetic data) created by, sent by, and/or received by Defendant adjuster which mention or discuss Plaintiffs' Claim(s).

RESPONSE:

REQUEST FOR PRODUCTION 7:   All deleted emails, instant messages and internal-written communications (including electronic or magnetic data) created by, sent by, and/or received by Defendant adjuster which mention or discuss Plaintiffs' Claim(s).

RESPONSE:

REQUEST FOR PRODUCTION 8:  Defendant adjuster's field notes file (including magnetic or electronic data) which mention, discuss, or refer to Plaintiffs' Claim(s).

RESPONSE:

REQUEST FOR PRODUCTION 9:  Videotapes, photographs and recordings you created during or in the course of your handling of Plaintiffs' Claim(s), regardless of whether you intend to offer these items into evidence at trial.

RESPONSE:

REQUEST FOR PRODUCTION 10:   All documents, records, and tangible evidence of any kind (including electronic or magnetic data) that support Defendant adjuster's decision to deny Plaintiffs' full claim.

RESPONSE:

REQUEST FOR PRODUCTION 11:    All reports (including electronic or magnetic data) generated as a result of Defendant adjuster's investigation of Plaintiffs' claim(s).

RESPONSE:

REQUEST FOR PRODUCTION 12:  All documents in effect at the time Plaintiffs' Claim(s) was adjusted (including electronic or magnetic data) which mention or discuss how Defendant adjuster's performance is evaluated.

RESPONSE:

REQUEST FOR PRODUCTION 13:    All education, courses, training, seminars, and/or reference materials (including electronic or magnetic data) in Defendant adjuster's possession at the time Plaintiffs' Claim(s) was adjusted that mention or discuss the handling or investigation of a policy-holder's first party claim for coverage of property loss by water.

RESPONSE:

REQUEST FOR PRODUCTION 14: All education, courses, training, seminars and/or reference materials (including electronic or magnetic documents) that Defendant adjuster attended, received, reviewed and/or consulted during the investigation of Plaintiffs' Claim(s) which mention or discuss the handling or investigation of a policyholder's first-party claim for property loss.

RESPONSE:

REQUEST FOR PRODUCTION 15: All written communications (including electronic and magnetic data) written by Defendant adjuster which mention or discuss Defendant adjuster's recommendation to accept and/or reject/deny Plaintiffs' Claim(s).

RESPONSE:

REQUEST FOR PRODUCTION 16: All deleted emails written or received by Defendant adjuster which mention or discuss Defendant adjuster's recommendation to accept and/or reject/deny Plaintiffs' Claim(s).

RESPONSE:

REQUEST FOR PRODUCTION 17: The portions of the personnel file of Defendant adjuster that pertain to disciplinary actions associated with her claims handling and performance under Defendant Insurer's retirement, bonus, incentive plan and/or profit-sharing plan within the last five years.

RESPONSE:

REQUEST FOR PRODUCTION 18: The retirement, bonus, incentive plan and/or profit-sharing plan applicable to Defendant adjuster's managers/supervisors in effect at any time during the two year period prior to the date in question, extending to the present.

RESPONSE:

REQUEST FOR PRODUCTION 19: All documents (including electronic or magnetic data) which mention or discuss Defendant Insurer's retirement, bonus, incentive plan and/or profit-sharing plan applicable to Defendant adjuster's managers/supervisor in effect at any time during the two year period prior to the date in question, extending to the present.

RESPONSE:

REQUEST FOR PRODUCTION 20: The retirement, bonus, incentive plan and/or profit-sharing plan applicable to Defendant adjuster in effect at any time during the two year period prior to the date in question, extending to the present.

RESPONSE:

REQUEST FOR PRODUCTION 21: All documents (including electronic or magnetic data) which mention or discuss Defendant Insurer's retirement, bonus, incentive plan and/or profit-sharing plan applicable to Defendant adjuster in effect at any time during the two year period prior to the date in question, extending to the present.

RESPONSE:

REQUEST FOR PRODUCTION 22: Each and every complaint within the last five years (including those maintained as electronic or magnetic data) made against Defendant Insurer concerning the manner in which a policyholder's first-party claim for coverage of property loss has been investigated or handled investigated by Defendant adjuster. This request includes complaints made to the Texas Department of Insurance or any other Texas regulatory agency.

RESPONSE:

REQUEST FOR PRODUCTION 23: Copies of all records prepared or kept pursuant to the rules and regulations of the Texas Department of Insurance (including those maintained as electronic or magnetic data), pertaining to any complaints made by Defendant Insurer's policyholders that mention or discuss the manner in which Defendant adjuster investigated or handled a first-party claim for coverage of property loss within the last five years.

RESPONSE:

REQUEST FOR PRODUCTION 24: Copies of all documents (including those maintained as electronic or magnetic data) that mention or discuss any complaint made by any policyholder against Defendant Insurer about Defendant adjuster's investigation or handling of any first-party claim for coverage of property loss within the last five years.

RESPONSE:

REQUEST FOR PRODUCTION 25: All written communication (including electronic and magnetic data) exchanged between Defendant adjuster and any Texas regulatory agency regarding a complaint by a policyholder of Defendant adjuster's handling or investigation of a first party claim for insurance coverage of a property loss within the last five years.

RESPONSE:

REQUEST FOR PRODUCTION 26: All degrees, Texas insurance licenses, and/or other insurance related certifications you have held in the last five years.

RESPONSE:

# EXHIBIT E

## FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT

## SAFECO INSURANCE COMPANY OF INDIANA

Plaintiffs Corrine Michel Johnson and Jonathan Shane Johnson serve this First Set of Requests for Admission on Defendant Safeco Insurance Company of Indiana, as allowed by Texas Rule of Civil Procedure 198. Defendant must answer each request separately, fully, in writing, and under oath, within 50 days after service.

### DEFINITIONS AND INSTRUCTIONS

1. DOCUMENT DESTRUCTION: IT IS REQUESTED THAT ALL DOCUMENTS AND/OR OTHER DATA COMPILATIONS WHICH MIGHT HAVE AN IMPACT ON THE SUBJECT MATTER OF THE LITIGATION BE PRESERVED AND THAT ANY ONGOING PROCESS OF DOCUMENT DESTRUCTION INVOLVING SUCH DOCUMENTS CEASE PURSUANT TO TEX. PENAL CODE § 37.09, WHEREIN THE ACT OF CONCEALING OR DESTROYING A DOCUMENT WITH THE INTENT TO IMPAIR ITS AVAILABILITY AS EVIDENCE IN ANY OFFICIAL PROCEEDING IS A CRIMINAL OFFENSE. IN THOSE INSTANCES WHERE DOCUMENT DESTRUCTION HAS ALREADY TAKEN PLACE, IT IS REQUESTED THAT THE DOCUMENTS THAT WOULD HAVE BEEN RELEVANT TO THE FOLLOWING DISCOVERY REQUESTS BE IDENTIFIED AS WELL AS THE DATE OF DESTRUCTION AND THE INDIVIDUAL AUTHORIZING, ORDERING, AND/OR CARRYING OUT THE DESTRUCTION.

2. If you cannot answer any interrogatory in whole or in part due to lack of information or knowledge, state what efforts you and your attorney have made to discover the subject matter of the request.

3. "Plaintiffs," "Plaintiffs Johnson," and "claimants" refer to Plaintiffs Corrine Michel Johnson and Jonathan Shane Johnson and Plaintiffs' attorneys.

4. "You," "your," "Defendant Insurer," and "Defendant Safeco" refer to Defendant Safeco Insurance Company of Indiana, its attorneys, insurers, agents, employees, parent corporations, subsidiaries and divisions; any and all predecessor corporations which have been merged into or acquired by Defendant Safeco; all successor corporations; and all other business entities into which Defendant Safeco has evolved or transformed since the date in question.

5. "Date in question" refers to on or about March 23, 2014.

6. "The Policy" means insurance policy number OY06615588 with Defendant Safeco under which Plaintiffs was an insured or covered person.

7. "Plaintiffs' Claim(s)" refers to the claim(s) asserted by or on behalf of Plaintiffs pursuant to the Policy for insurance coverage of the Insured Property for loss caused by water on the date in question under Defendant Safeco Claim Number 353783765039.

8. "Insured Property" means the property located at 2311 Shady Creek Drive, Richardson, Texas described in the Policy declarations.

9. "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against Defendant Insurer in this lawsuit.

10. "Your Counsel" means the attorney or attorneys who are representing or have represented Defendant Safeco either with regard to the Claim or in this lawsuit.

11. "Written Communication" means the conveyance of information in writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

12. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording.

13. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

14. "Document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action. "Document" includes, but is not limited to, the following: letters, reports, charts, diagrams, correspondence, telegrams, memoranda, notes, records minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, faxes, invoices, tape recordings, computer printouts, drafts, resumes, and logs worksheets.

15. "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating

systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet – or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and any miscellaneous files or file fragments. Electronic or magnetic data also includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g. SIM cards), removable media (e.g. Zip drives, Jaz cartridges), microfiche, and punched cards. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

16. "Possession, custody, or control" of an item means that the person either has physical possession of the item or constructive possession, such that the person has a right to possession equal to or superior to that of the person who has physical possession of the item.

17. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

18. "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

19. "Identify" or "describe," when referring to a person, means you must state the following:
   a.   The full name.
   b.   The present or last known residential address and residential telephone number.
   c.   The present or last known office address and office telephone number.
   d.   The occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory.
   e.   In the case of any entity, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory and the officer who is responsible for supervising that officer or employee.

21. "Identify" or "describe," when referring to a document, means you must state the following:

   a.   The nature of the document (e.g., letter, handwritten note, memoranda, field notes, claim assignment, activity log, underwriting evaluation, estimate, official report, etc.).
   b.   The title or heading that appears on the document.

c.   The date of the document and the date of each addendum, supplement, or other addition or change.

d.   The identities of the author, signer or the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

e.   The present location of the document and the name, address, position or title, and telephone number of the person or persons having custody of the document.

## REQUESTS FOR ADMISSION

1.  Plaintiffs properly named Defendant Safeco in Plaintiffs' Original Petition.

2.  Defendant Safeco received proper pre-suit notice of Plaintiffs' Claim, as required by the Policy and the Texas Insurance Code.

3.  On the date in question, the Policy named Plaintiffs as insured(s).

4.  On the date in question, Plaintiffs were covered persons under the Policy.

5.  Plaintiffs promptly notified Defendant Safeco of Plaintiffs' Claim(s).

6.  Plaintiffs complied with all duties owed to Defendant Safeco under the Policy.

7.  On the date in question, the Policy which provided for coverage of damage caused by water of the Insured Property is policy number OY06615588.

8.  On the date in question, the Policy was in force and in effect.

9.  As of the date in question, the Policy had not been cancelled.

10. As of the date in question, all applicable premiums for the Policy had been paid.

11. Plaintiffs gave proper written notice to Defendant Safeco of Plaintiffs' Claim(s).

12. Plaintiffs' Claim(s), which serve as the basis for this lawsuit against Defendant Safeco, is a first-party claim.

13. Admit that Defendant Safeco is aware that, with respect to Plaintiffs' Claim(s) against Defendant Safeco, it is an "Unfair Settlement Practice;" as defined by § 541.060(a)(5) of the Texas Insurance Code for Defendant Safeco to refuse, to fail, or to unreasonably delay a settlement offer under applicable first-party coverage except as may be specifically provided in the policy.

14. Defendant Safeco executed a written contract with Plaintiffs.

15. Defendant Safeco executed a written contract with Plaintiffs for adequate consideration.

16. Plaintiffs fully performed all contractual obligations required by the contract.

17. Defendant Safeco's performance of its contractual obligations was not impossible.

18. The parties did not modify the contract.

19. Neither party rescinded the contract.

20. Plaintiffs have performed all conditions precedent, or all conditions precedent have occurred, necessary for Plaintiffs to bring suit on the contract.

21. Plaintiffs made a written demand to Defendant Safeco for damages sought in Plaintiffs' original petition.

22. Defendant Safeco refused to pay Plaintiffs for all damages sought in the written demand referred to in Request for Admission 21.

23. On the date in question, Plaintiffs were insured under the Policy.

24. On the date in question, the Policy provided coverage of the Insured Property for damage caused by water.

25. The full cost claimed to repair Plaintiffs' Insured Property exceeds the amount paid by Defendant Safeco.

26. Plaintiffs have had direct oral communications with Defendant Safeco in connection with the Claim.

27. As of the date this lawsuit was filed, Defendant Safeco has denied payment of the full amount demanded by Plaintiffs in connection with the Claim.

28. Plaintiffs gave Defendant Safeco written notice, not later than the 61st day before filing suit, of any complaint, advising Defendant Safeco of the specific complaint, the amount of actual damages and expenses, including attorney's fees.

29. Prior to filing a lawsuit, Plaintiffs provided Defendant Safeco with a pre-suit demand for a sum of money.

30. Defendant Safeco did not request a sworn statement in proof of loss from the insured under the Policy in connection with Plaintiffs' Claim.

31. Plaintiffs sustained a loss of Insured Property as a result of the Claim subject of this lawsuit.

32. Plaintiffs received Defendant Safeco's denial of payment of policy benefits for the Claim subject of this lawsuit less than two years and one day before the date this lawsuit was filed.

33. Plaintiffs communicated with Defendant Safeco regarding Plaintiffs' Claim, the subject of this lawsuit, less than two years and one day before this lawsuit was filed.

34. Plaintiffs communicated with Defendant Safeco claims adjuster(s) regarding Plaintiffs' Claim, the subject of this lawsuit claim, less than two years and one day before this lawsuit was filed.

35. Defendant Safeco denied payment of Plaintiffs' Claim for the claim subject of this lawsuit less than two years and one day before this lawsuit was filed.

36. Defendant Safeco failed to notify Plaintiffs it needed more time and failed to assert reasons for seeking more time per TEX. INS. CODE § 542.056(d).

37. With respect to Plaintiffs' Claim, Defendant Safeco failed to submit a reservation of rights to Plaintiffs.



**FELICIA PITRE**
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

US POSTAGE
$ 12.780
APR 30 2015
02 1R
0002010651
MAILED FROM ZIP CODE 75202

FIRST CLASS

UNITED STATES POSTAGE

RESTRICTED DELIVERY TO ADDRESSEE ONLY

SHOW TO WHOM
DELIVERED, Date
Addressee
Address

Deliver to
Addressee

CERTIFIED MAIL

9214 8901 0661 5400 0057 5230 15

FELICIA PITRE
DISTRICT CLERK
GEORGE L ALLEN, SR. COURTS BLDG.
600 COMMERCE ST STE 103
DALLAS, TX 75202-4691

Return Receipt (Electronic)

DC1502583-J SM DP
SAFECO INSURANCE COMPANY OF INDIANA
BY SERVING CORPORATION SERVICE COMPANY
211 E 7TH ST STE 620
AUSTIN, TX 78701-3218

FILED
DALLAS COUNTY
5/26/2015 4:38:27 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-15-02583

| | | |
|---|---|---|
| CORRINE MICHEL JOHNSON | § | IN THE DISTRICT COURT OF |
| and JOHNATHAN SHANE JOHNSON, | § | |
|     Plaintiffs | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| SAFECO INSURANCE | § | |
| COMPANY OF INDIANA and | § | |
| LISA SEUTTER, | § | |
|     Defendants | § | J-191st JUDICIAL DISTRICT |

## ORIGINAL ANSWER OF DEFENDANT
## SAFECO INSURANCE COMPANY OF INDIANA

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Safeco Insurance Company of Indiana ("Safeco") and files this Original Answer to Plaintiff's Original Petition And Request for Disclosure and for such would respectfully show the Court the following:

### I.
### GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Safeco denies each and every, all and singular, the allegations set forth in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the evidence at the final trial of this case.

### II.
### AFFIRMATIVE DEFENSES

Defendant further avers and asserts that Plaintiffs have failed to satisfy all conditions precedent to bringing this suit under their homeowners' insurance policy. Specifically, Plaintiffs did not give prompt written notice of the facts relating to the claim, did not cooperate and provide access to the damaged property or all of the documents requested and required. These

policy duties and conditions are conditions precedent to coverage and Plaintiffs' violation of the conditions voids any coverage under the Policy.

WHEREFORE, PREMISES CONSIDERED, Defendant Safeco Insurance Company of Indiana respectfully prays that upon final hearing hereof, Plaintiffs take nothing by reason of this action, that Safeco be awarded its costs of court, and for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

HANNA & PLAUT, L.L.P.
211 East Seventh Street, Suite 6000
Austin, Texas 78701
Telephone:   (512) 472-7700
Facsimile:   (512) 472-0205

By: _____
     David L. Plaut
     State Bar No. 16066030
     Email: dplaut@hannaplaut.com
     J. Todd Key
     State Bar No. 24027104
     Email: tkey@hannaplaut.com

**ATTORNEYS FOR DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered by e-service and/or facsimile on this 26ᵗʰ day of May, 2015 to:

*Tellywesterlage@gmail.com*
*Facsimile: 713.650.1602*
Aristotelis Westerlage
Friesell Westerlage, PLLC
The Niels Esperson Building
808 Travis St., 24ᵗʰ Floor
Houston, Texas  77002

_____
J. Todd Key

# EXHIBIT "B"

# REGISTER OF ACTIONS
## CASE NO. DC-15-02583

| | | |
|---|---|---|
| CORRINE JOHNSON et al vs. SAFECO INSURANCE COMPANY OF INDIANA et al | § § § § § § | Case Type: **INSURANCE**<br>Date Filed: **03/06/2015**<br>Location: **191st District Court** |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **DEFENDANT** | **SAFECO INSURANCE COMPANY OF INDIANA** | **DAVID L PLAUT**<br>*Retained*<br>512-472-7700(W) |
| **DEFENDANT** | **SEUTTER, LISA A.** | |
| **PLAINTIFF** | **JOHNSON, CORRINE MICHEL** | **ARISTOTELIS WESTERLAGE**<br>*Retained*<br>713-236-9177(W) |
| **PLAINTIFF** | **JOHNSON, JOHNATHAN SHANE** | **ARISTOTELIS WESTERLAGE**<br>*Retained*<br>713-236-9177(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 03/06/2015 | **NEW CASE FILED (OCA) - CIVIL** | | |
| 03/06/2015 | **ORIGINAL PETITION** | | |
| | *Plaintiffs' Original Petition and Request for Disclosure* | | |
| 03/06/2015 | **ISSUE CITATION** | | |
| 04/29/2015 | **CITATION** | | |
| | *CMR #9214-8901-0661-5400-0057-5230-15* | | |
| | SAFECO INSURANCE COMPANY OF INDIANA | Served<br>Returned | 05/05/2015<br>05/12/2015 |
| 04/29/2015 | **CITATION** | | |
| | *SHF-1 S.M.* | | |
| | SEUTTER, LISA A. | Returned Unserved<br>Returned | 05/05/2015<br>05/05/2015 |
| 05/26/2015 | **ORIGINAL ANSWER - GENERAL DENIAL** | | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **PLAINTIFF** JOHNSON, CORRINE MICHEL | | | |
| | Total Financial Assessment | | | 575.00 |
| | Total Payments and Credits | | | 575.00 |
| | **Balance Due as of 06/04/2015** | | | **0.00** |
| 03/09/2015 | Transaction Assessment | | | 575.00 |
| 03/09/2015 | CREDIT CARD - TEXFILE (DC) | Receipt # 13283-2015-DCLK | Johnson, Corrine Michel | (575.00) |

# EXHIBIT "C"

## LIST OF ALL COUNSEL OF RECORD

**Counsel for Plaintiffs Corrine Michel Johnson and Johnathan Shane Johnson**
Aristotelis Westerlage
Friesell Westerlage, PLLC
The Niels Esperson Building
808 Travis St., 24th Floor
Houston, Texas  77002
Telephone: 713.236-9177
Facsimile:  713.650-1602

**Counsel for Defendant Safeco Insurance Company of Indiana**
David L. Plaut
J. Todd Key
Hanna & Plaut, LLP
211 East Seventh Street, Suite 600
Austin, Texas  78701
Telephone:  512.472.7700
Facsimile:   512.472.0205

# EXHIBIT "D"

## <u>INDEX OF ALL DOCUMENTS FILED WITH THE COURT</u>

1.      Notice of Removal of Action Under 28 U.S.C. §§ 1332 and 1441(a) (Diversity)

2.      True and correct copies of all pleadings, process and orders served in this action

3.      State Court Docket Sheet

4.      List of all Counsel of Record